UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------X

JEAN JOSEPH,

                                   Plaintiff,

        -against-

CITY OF NEW YORK, GENEE PARKER, Individually,
EDWARD FOGARTY, Individually, "JOHN" O'BRIEN,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                  Defendants,

---------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

13 CV 5048 (BMC)

<u>Jury Trial Demanded</u>

       Plaintiff JEAN JOSEPH, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts supplemental state law claims.

**JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.       Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.       Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.       Plaintiff JEAN JOSEPH is a fifty-two year old African American man residing in Staten Island, New York.

7.       Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.       Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.       That at all times hereinafter mentioned, the individually named defendants GENEE PARKER, EDWARD FOGARTY, "JOHN" O'BRIEN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On June 12, 2012, at approximately 6:30 a.m., plaintiff was at his home, located at 157 Daniel Low Terrace, Staten Island, New York, when defendant "JOHN" O'BRIEN came to his door.

13.     Defendant O'BRIEN entered said location and falsely arrested plaintiff.

14.     Defendant O'BRIEN handcuffed plaintiff and imprisoned him in a police vehicle for approximately two to three hours.

15.     Defendant O'BRIEN then transported plaintiff to the NYPD's 120th precinct stationhouse and imprisoned him therein.

16.     Defendant O'BRIEN arrested plaintiff based on false allegations levied against plaintiff and arising from the improper investigation and false claims of defendants GENEE PARKER and EDWARD FOGARTY

17.     The defendant officers imprisoned plaintiff until June 13, 2013 when plaintiff was arraigned in Richmond County Criminal Court on baseless charges filed under docket number 2012RI005400; said charges having been filed based on the false allegations of defendant PARKER that on June 4, 2012 plaintiff had trespassed at 643 Bay Street, Staten Island, New York.

18.     The defendants initiated said prosecution with malice, and otherwise caused said

3

prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their false arrest of plaintiff.

19.     Defendant PARKER created and manufactured false evidence against plaintiff and used same against him in said legal proceedings.  Specifically, defendant PARKER swore to false allegations that plaintiff had trespassed at his own place of business, located at 643 Bay Street, Staten Island, New York, and for which plaintiff was the lease holder and for which he possessed keys to access said location.

20.     Defendant PARKER created and manufactured this evidence even though she possessed easily verified information provided by plaintiff that he was the lease holder of the business property located at 643 Bay Street, Staten Island, New York and had permission to access the premises.

21.     As a result of the malicious prosecution, plaintiff was compelled to return to court on August 14, 2012, on which date all of the charges lodged against plaintiff were dismissed on the motion of the District Attorney for Richmond County.

22.     Defendants PARKER, FOGARTY, O'BRIEN and JOHN and JANE DOE 1 through 10 directly participated in the illegal conduct described herein or were present or otherwise aware of said illegal conduct and failed to intervene despite a meaningful opportunity to do so.

23.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a practice of falsification, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race.

4

24.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, arrest individuals due to discrimination against them based on their race and/or nationality, and engage in a practice of falsification to cover up their abuse of authority.

25.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

26.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27.     As a result of the foregoing, plaintiff JEAN JOSEPH sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

### <u>Federal Claims</u>

### <u>AS AND FOR A FIRST CAUSE OF ACTION</u>
(Deprivation of Rights Under 42 U.S.C. §§  1981 and 1983)

28.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff JEAN JOSEPH, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.     As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

6

paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants arrested plaintiff JEAN JOSEPH without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

37.     Defendants caused plaintiff JEAN JOSEPH to be falsely arrested and unlawfully imprisoned.

38.     As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff JEAN JOSEPH.

41.     Defendants caused plaintiff JEAN JOSEPH to be prosecuted without any probable cause until the charges were dismissed on or about August 14, 2012.

42.     As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
<u>(Violation of Right to Fair Trial under 42 U.S.C. § 1983)</u>

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants created false evidence against plaintiff JEAN JOSEPH.

45.     Defendants utilized this false evidence against plaintiff JEAN JOSEPH in legal proceedings.

46.     As a result of defendants' creation and use of false evidence, plaintiff JEAN JOSEPH suffered a violation of his constitutional rights to a fair trial, as guaranteed by the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

47.     As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
<u>(Malicious Abuse of Process under 42 U.S.C. § 1983)</u>

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants issued criminal process against plaintiff JEAN JOSEPH by causing his arrest and prosecution in Richmond County Criminal Court.

50.     Defendants caused plaintiff JEAN JOSEPH to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of

process.

51.     As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     The defendants falsely arrested and maliciously prosecuted plaintiff JEAN JOSEPH because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

54.     As a result of the foregoing, plaintiff JEAN JOSEPH was deprived of his rights under the Equal Protection Clause of the United States Constitution.

55.     As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants had an affirmative duty to intervene on behalf of plaintiff JEAN

JOSEPH, whose constitutional rights were being violated in their presence by other officers.

58.     The defendants failed to intervene to prevent the unlawful conduct described herein.

59.     As a result of the foregoing, plaintiff JEAN JOSEPH'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

60.     As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63.     As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

64.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable causes and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JEAN JOSEPH's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JEAN JOSEPH.

68.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JEAN JOSEPH as alleged herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JEAN JOSEPH as alleged herein.

70.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JEAN JOSEPH was unlawfully arrested and maliciously prosecuted.

71.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JEAN JOSEPH' constitutional rights.

72.     All of the foregoing acts by defendants deprived plaintiff JEAN JOSEPH of federally protected rights, including, but not limited to, the right:

    A.     Not to be deprived of liberty without due process of law;

    B.     To be free from false arrest/unlawful imprisonment;

    C.     To be free from the failure to intervene;

    D.     To be free from malicious prosecution;

    E.     To be free from deprivation of his right to fair trial;

    F.     To be free from malicious abuse of process; and

    G.     To receive equal protection under law.

73.     As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

76.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

77.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

79.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Defendants arrested plaintiff JEAN JOSEPH without probable cause.

81.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

82.     As a result of the aforementioned conduct, plaintiff JEAN JOSEPH was unlawfully imprisoned in violation of the laws of the State of New York.

83.     As a result of the aforementioned conduct, plaintiff JEAN JOSEPH suffered

physical discomfort and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84.    As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

85.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.    As a result of the foregoing, plaintiff JEAN JOSEPH was placed in apprehension of imminent harmful and offensive bodily contact.

87.    As a result of defendant's conduct, plaintiff JEAN JOSEPH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

88.    As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

89.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

14

90.    Defendants made offensive contact with plaintiff JEAN JOSEPH without privilege or consent.

91.    As a result of defendants' conduct, plaintiff JEAN JOSEPH has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

92.    As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
#### (Malicious Prosecution under the laws of the State of New York)

93.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff JEAN JOSEPH.

95.    Defendants caused plaintiff JEAN JOSEPH to be prosecuted without probable cause until the charges were dismissed on or about August 14, 2012.

96.    As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

15

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

97.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Defendants issued criminal process against plaintiff JEAN JOSEPH by causing him to be arrested, arraigned and prosecuted in criminal court.

99.     Defendants caused plaintiff JEAN JOSEPH to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

100.    As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

101.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

103.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

104.    The aforementioned conduct was committed by defendants while acting in

16

furtherance of their employment by defendant CITY OF NEW YORK.

105.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff JEAN JOSEPH.

106.    As a result of the aforementioned conduct, plaintiff JEAN JOSEPH suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

107.    As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

108.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, and prosecution of plaintiff JEAN JOSEPH.

110.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

111.    As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

112.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff JEAN JOSEPH.

114.    As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

115.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

117.    As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory

18

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

118.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

120.   As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

121.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.   As a result of defendants' conduct, plaintiff JEAN JOSEPH was deprived of his right to equal protection of laws.

123.   As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

124.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.    As a result of defendants' conduct, plaintiff JEAN JOSEPH was deprived of his right to security against unreasonable searches, seizures, and interceptions.

126.    As a result of the foregoing, plaintiff JEAN JOSEPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

20

**WHEREFORE**, plaintiff JEAN JOSEPH demands judgment and prays for the following

relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined

         by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        December 4, 2013

                                        LEVENTHAL & KLEIN, LLP
                                        Attorneys for Plaintiff JEAN JOSEPH
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (718) 722-4100

                                        By:    _____/s/_____
                                               BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JEAN JOSEPH,

                                        Plaintiff,

                                                                    13 CV 5048 (BMC)

                -against-

CITY OF NEW YORK, GENEE PARKER, Individually,
EDWARD FOGARTY, Individually, "JOHN" O'BRIEN,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100